UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| CESAR MELGOZA PEREZ, | ) | 1:11-cv—01766-LJO-SKO-HC |
| | ) | |
| Petitioner, | ) | FINDINGS AND RECOMMENDATIONS TO |
| | ) | DISMISS PETITIONER'S STATE LAW |
| | ) | CLAIMS WITHOUT LEAVE TO AMEND |
| v. | ) | (DOC. 1) |
| | ) | |
| M. D. BITTER, Warden, | ) | OBJECTIONS DEADLINE: |
| | ) | THIRTY (30) DAYS |
| Respondent. | ) | |
| | ) | |

Petitioner is a state prisoner proceeding pro se and in forma pauperis with a petition pursuant to 28 U.S.C. § 2254. The matter has been referred to the Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1) and Local Rules 302 through 304. Pending before the Court is the petition, which was filed on October 24, 2011.

I. Screening the Petition

Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (Habeas Rules) requires the Court to make

1

a preliminary review of each petition for writ of habeas corpus. The Court must summarily dismiss a petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court...." Habeas Rule 4; O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990); see also Hendricks v. Vasquez, 908 F.2d 490 (9th Cir. 1990). Habeas Rule 2(c) requires that a petition 1) specify all grounds of relief available to the Petitioner; 2) state the facts supporting each ground; and 3) state the relief requested. Notice pleading is not sufficient; the petition must state facts that point to a real possibility of constitutional error. Rule 4, Advisory Committee Notes, 1976 Adoption; O'Bremski v. Maass, 915 F.2d at 420 (quoting Blackledge v. Allison, 431 U.S. 63, 75 n.7 (1977)). Allegations in a petition that are vague, conclusory, or palpably incredible are subject to summary dismissal. Hendricks v. Vasquez, 908 F.2d 490, 491 (9th Cir. 1990).

Further, the Court may dismiss a petition for writ of habeas corpus either on its own motion under Habeas Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed. Advisory Committee Notes to Habeas Rule 8, 1976 Adoption; see, Herbst v. Cook, 260 F.3d 1039, 1042-43 (9th Cir. 2001).

A petition for habeas corpus should not be dismissed without leave to amend unless it appears that no tenable claim for relief can be pleaded were such leave granted. Jarvis v. Nelson, 440 F.2d 13, 14 (9th Cir. 1971).

///

2

1    Here, Petitioner alleges that he is an inmate of the Kern
2 Valley State Prison (KVSP) located in Delano, California, serving
3 a sentence imposed in the Superior Court of the State of
4 California for the County of Stanislaus pursuant to Petitioner's
5 conviction on March 11, 2009, of murder and assault by means of
6 force likely to produce great bodily injury with gang
7 enhancements. Petitioner challenges his convictions. (Pet. 1-
8 4.)
9    Petitioner raises the following claims as to which he
10 alleges that state court remedies have been exhausted: 1) denial
11 of Petitioner's right to a fair trial in violation of the due
12 process protections of the Fifth and Fourteenth Amendments by
13 admission of the testimony of four witnesses who testified
14 pursuant to a plea agreement that coerced them to testify for the
15 prosecution; 2) denial of Petitioner's Sixth and Fourteenth
16 Amendment right to a fair trial resulting from prejudicial error
17 in the giving of an incorrect instruction concerning
18 corroboration of accomplice testimony, and denial of Petitioner's
19 Sixth and Fourteenth Amendment right to the effective assistance
20 of counsel if counsel failed to preserve the issue for appeal; 3)
21 violation of Petitioner's Sixth and Fourteenth Amendment right to
22 confrontation by admission of an autopsy report; 4) denial of
23 Petitioner's Fourteenth Amendment right to due process resulting
24 from the trial court's compound errors of giving an incomplete
25 instruction concerning flight after being accused of a crime in
26 the absence of evidence to support providing the instruction in
27 the first instance; and 5) violation of Petitioner's Eighth
28 Amendment protection against the imposition of cruel and unusual

3

punishment under the Constitution and the constitution of the State of California by imposing a sentence of fifty years to life. (Pet. 4-6, 21-22, 24, 53-55, 63.)

Petitioner raises the following additional claims which Petitioner describes as newly discovered, unexhausted grounds: 6) denial of Petitioner's rights to the effective assistance of counsel guaranteed both by the Sixth Amendment and by state law resulting from trial counsel's failure to request that a detective and a prosecutorial investigator who were also principal witnesses against Petitioner be excluded from sitting at the counsel table throughout the trial; 7) denial of Petitioner's rights to the effective assistance of counsel guaranteed by both state law and the Sixth Amendment by trial counsel's failure to object to and to exclude photographs of the deceased; 8) denial of Petitioner's rights under the Sixth Amendment and state law to the effective assistance of counsel by trial counsel's failure to object to the prosecutor's a) vouching for the credibility of witnesses and b) improper remarks concerning Petitioner's guilt before and during argument; and 9) denial of Petitioner's rights under the Fourteenth Amendment and state law resulting from the insufficiency of the evidence to support convictions for enhancements of discharging a firearm and being armed with a firearm. (Pet. 6-7.)

   II.   Dismissal of State Law Claims without Leave to Amend

Because the petition was filed after April 24, 1996, the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), the AEDPA applies in this proceeding. Lindh v. Murphy, 521 U.S. 320, 327 (1997), cert. denied, 522 U.S. 1008

4

1  (1997); Furman v. Wood, 190 F.3d 1002, 1004 (9th Cir. 1999).

2  A district court may entertain a petition for a writ of habeas corpus by a person in custody pursuant to the judgment of a state court only on the ground that the custody is in violation of the Constitution, laws, or treaties of the United States.  28 U.S.C. §§ 2254(a), 2241(c)(3); Williams v. Taylor, 529 U.S. 362, 375 n.7 (2000); Wilson v. Corcoran, 562 U.S. -, -, 131 S.Ct. 13, 16 (2010) (per curiam).

In his fifth claim concerning cruel and unusual punishment, his sixth, seventh, and eighth claims concerning the alleged ineffective assistance of counsel, and in his ninth claim concerning the alleged insufficiency of the evidence to support two enhancements, Petitioner relies on both federal and state law.  To the extent that Petitioner's claims rest on state law, they are not cognizable on federal habeas corpus.  Federal habeas relief is not available to retry a state issue that does not rise to the level of a federal constitutional violation.  Wilson v. Corcoran, 562 U.S. — , 131 S.Ct. 13, 16 (2010); Estelle v. McGuire, 502 U.S. 62, 67-68 (1991).  Alleged errors in the application of state law are not cognizable in federal habeas corpus.  Souch v. Schiavo, 289 F.3d 616, 623 (9th Cir. 2002).

Because the defects in the state claims are due to the nature of the claims and not due to the absence of specific factual allegations, the Court concludes that granting leave to amend the state claims would be futile.  Accordingly, it will be recommended that Petitioner's state claims be dismissed without leave to amend.

///

5

Pending further order of the Court, Petitioner's motion for stay and abeyance of unexhausted claims will be addressed by the Magistrate Judge after the District Judge's consideration of these findings and recommendations.

III. <u>Recommendations</u>

Accordingly, it is RECOMMENDED that:

1) Petitioner's state law claims, including his fifth claim concerning cruel and unusual punishment, his sixth, seventh, and eighth claims concerning the alleged ineffective assistance of counsel, and his ninth claim concerning the alleged insufficiency of the evidence to support two enhancements, be DISMISSED without leave to amend to the extent that such claims rest on state law; and

2) The matter be referred back to the Magistrate Judge for further screening, including consideration of Petitioner's motion for a stay of the proceedings to permit exhaustion of state court remedies with respect to some claims.

These findings and recommendations are submitted to the United States District Court Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within thirty (30) days after being served with a copy, any party may file written objections with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Replies to the objections shall be served and filed within fourteen (14) days (plus three (3) days if served by mail) after service of the objections. The Court will

then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:   November 14, 2011**              /s/ Sheila K. Oberto
                                   UNITED STATES MAGISTRATE JUDGE