UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CESAR MELGOZA PEREZ, | ) 1:11-cv—01766-LJO-SKO-HC |
| | ) |
| Petitioner, | ) ORDER DENYING PETITIONER'S MOTION |
| | ) TO STAY THE PETITION PURSUANT TO |
| | ) RHINES v. WEBER (DOC. 2) |
| v. | ) |
| | ) ORDER GRANTING PETITIONER THIRTY |
| M. D. BITTER, Warden, | ) (30) DAYS FROM THE DATE OF |
| | ) SERVICE OF THIS ORDER TO WITHDRAW |
| Respondent. | ) PETITIONER'S UNEXHAUSTED CLAIMS |
| | ) AND SEEK A KELLY STAY |
| | ) |
| | INFORMATIONAL ORDER TO PETITIONER |
| | CONCERNING DISMISSAL IF |
| | UNEXHAUSTED CLAIMS ARE NOT |
| | WITHDRAWN |

Petitioner is a state prisoner proceeding pro se and in forma pauperis with a petition pursuant to 28 U.S.C. § 2254. The matter has been referred to the Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1) and Local Rules 302 through 304. Pending before the Court is the petition and Petitioner's ex parte motion for a stay and abeyance of the petition, which were filed on October 24, 2011.

1

I. <u>Screening the Petition</u>

Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (Habeas Rules) requires the Court to make a preliminary review of each petition for writ of habeas corpus. The Court must summarily dismiss a petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court...." Habeas Rule 4; <u>O'Bremski v. Maass</u>, 915 F.2d 418, 420 (9th Cir. 1990); <u>see</u> <u>also</u> <u>Hendricks v. Vasquez</u>, 908 F.2d 490 (9th Cir. 1990). Habeas Rule 2(c) requires that a petition 1) specify all grounds of relief available to the Petitioner; 2) state the facts supporting each ground; and 3) state the relief requested. Notice pleading is not sufficient; rather, the petition must state facts that point to a real possibility of constitutional error. Rule 4, Advisory Committee Notes, 1976 Adoption; <u>O'Bremski v. Maass</u>, 915 F.2d at 420 (quoting <u>Blackledge v. Allison</u>, 431 U.S. 63, 75 n.7 (1977)). Allegations in a petition that are vague, conclusory, or palpably incredible are subject to summary dismissal. <u>Hendricks v. Vasquez</u>, 908 F.2d 490, 491 (9th Cir. 1990).

Further, the Court may dismiss a petition for writ of habeas corpus either on its own motion under Habeas Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed. Advisory Committee Notes to Habeas Rule 8, 1976 Adoption; <u>see</u>, <u>Herbst v. Cook</u>, 260 F.3d 1039, 1042-43 (9th Cir. 2001).

A petition for habeas corpus should not be dismissed without leave to amend unless it appears that no tenable claim for relief

can be pleaded were such leave granted. <u>Jarvis v. Nelson</u>, 440 F.2d 13, 14 (9th Cir. 1971).

Petitioner alleges he is an inmate of the Kern Valley State Prison (KVSP) located in Delano, California, serving a sentence imposed in the Superior Court of the State of California for the County of Stanislaus pursuant to Petitioner's convictions on March 11, 2009, of murder and assault by means of force likely to produce great bodily injury with gang enhancements. Petitioner challenges his convictions. (Pet. 1-4.)

The Court has previously dismissed without leave to amend some claims to the extent that they rested on state law, including the state law components of the following claims: his fifth claim concerning cruel and unusual punishment; his sixth, seventh, and eighth claims concerning the allegedly ineffective assistance of counsel; and his ninth claim concerning the alleged insufficiency of the evidence to support two enhancements. (Docs. 10, 13.)

Petitioner raises the following claims as to which he alleges that state court remedies have been exhausted: 1) denial of Petitioner's right to a fair trial in violation of the due process protections of the Fifth and Fourteenth Amendments by admission of the testimony of four witnesses who testified pursuant to a plea agreement that coerced them to testify for the prosecution; 2) denial of Petitioner's Sixth and Fourteenth Amendment right to a fair trial resulting from prejudicial error in providing an incorrect instruction concerning corroboration of accomplice testimony, and denial of Petitioner's Sixth and Fourteenth Amendment right to the effective assistance of counsel

3

if counsel failed to preserve the issue for appeal; 3) violation of Petitioner's Sixth and Fourteenth Amendment right to confrontation by admission of an autopsy report; 4) denial of Petitioner's Fourteenth Amendment right to due process of law resulting from the trial court's compound errors of giving an incomplete instruction concerning flight after being accused of a crime in the absence of evidence to support the giving of the instruction in the first instance; and 5) violation of Petitioner's Eighth Amendment protection against cruel and unusual punishment under the Constitution by the trial court's sentencing Petitioner to fifty years to life.  (Pet. 4-6, 21-22, 24, 53-55, 63.)

Petitioner raises the following additional claims which he describes as newly discovered, unexhausted grounds: 6) denial of Petitioner's right to the effective assistance of counsel guaranteed by the Sixth Amendment resulting from trial counsel's failure to request that a detective and a prosecutorial investigator who were also principal witnesses against Petitioner be excluded from sitting at the counsel table throughout the trial; 7) denial of Petitioner's right to the effective assistance of counsel guaranteed by the Sixth Amendment by trial counsel's failure to object to and exclude photographs of the deceased; 8) denial of Petitioner's right under the Sixth Amendment to the effective assistance of counsel by trial counsel's failure to object to the prosecutor's a) vouching for the credibility of witnesses and b) improper remarks concerning Petitioner's guilt before and during argument; and 9) denial of Petitioner's right under the Fourteenth Amendment resulting from

4

the insufficiency of the evidence to support convictions of the enhancements of discharging, and being armed with, a firearm. (Pet. 6-7.)

## II. Motion for Stay and Abeyance

On October 24, 2011, Petitioner filed notice of an ex parte motion to hold the petition for writ of habeas corpus in abeyance along with a supporting declaration. (Doc. 2.) Petitioner seeks a stay of the action, including but not limited to a stay pursuant to Rhines v. Weber, 544 U.S. 269, 276 (2005). The Court interprets Petitioner's motion as including a request for not only a Rhines stay, but also a so-called "Kelly" stay, which may be granted without a showing of good cause.

### A. Exhaustion of State Court Remedies

A petitioner who is in state custody and wishes to challenge collaterally a conviction by a petition for writ of habeas corpus must exhaust state judicial remedies. 28 U.S.C. § 2254(b)(1). The exhaustion doctrine is based on comity to the state court and gives the state court the initial opportunity to correct the state's alleged constitutional deprivations. Coleman v. Thompson, 501 U.S. 722, 731 (1991); Rose v. Lundy, 455 U.S. 509, 518 (1982); Buffalo v. Sunn, 854 F.2d 1158, 1162-63 (9th Cir. 1988).

A petitioner can satisfy the exhaustion requirement by providing the highest state court with the necessary jurisdiction a full and fair opportunity to consider each claim before presenting it to the federal court, and demonstrating that no state remedy remains available. Picard v. Connor, 404 U.S. 270, 275-76 (1971); Johnson v. Zenon, 88 F.3d 828, 829 (9th Cir.

1996). A federal court will find that the highest state court was given a full and fair opportunity to hear a claim if the petitioner has presented the highest state court with the claim's factual and legal basis. Duncan v. Henry, 513 U.S. 364, 365 (1995) (legal basis); Kenney v. Tamayo-Reyes, 504 U.S. 1, 9-10 (1992), superceded by statute as stated in Williams v. Taylor, 529 U.S. 362 (2000) (factual basis).

Additionally, the petitioner must have specifically told the state court that he was raising a federal constitutional claim. Duncan, 513 U.S. at 365-66; Lyons v. Crawford, 232 F.3d 666, 669 (9th Cir.2000), amended, 247 F.3d 904 (9th Cir. 2001); Hiivala v. Wood, 195 F.3d 1098, 1106 (9th Cir. 1999); Keating v. Hood, 133 F.3d 1240, 1241 (9th Cir. 1998). In Duncan, the United States Supreme Court reiterated the rule as follows:

> In Picard v. Connor, 404 U.S. 270, 275...(1971), we said that exhaustion of state remedies requires that petitioners "fairly presen[t]" federal claims to the state courts in order to give the State the "'opportunity to pass upon and correct' alleged violations of the prisoners' federal rights" (some internal quotation marks omitted). If state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution. If a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him the due process of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal court, but in state court.

Duncan, 513 U.S. at 365-366. The Ninth Circuit examined the rule further in Lyons v. Crawford, 232 F.3d 666, 668-69 (9th Cir. 2000), as amended by Lyons v. Crawford, 247 F.3d 904, 904-05 (9th Cir. 2001), stating:

> Our rule is that a state prisoner has not "fairly presented" (and thus exhausted) his federal claims

6

>     in state court unless he specifically indicated to
>     that court that those claims were based on federal law.
>     See, Shumway v. Payne, 223 F.3d 982, 987-88 (9th Cir.
>     2000). Since the Supreme Court's decision in Duncan,
>     this court has held that the petitioner must make the
>     federal basis of the claim explicit either by citing
>     federal law or the decisions of federal courts, even
>     if the federal basis is "self-evident," Gatlin v. Madding,
>     189 F.3d 882, 889 (9th Cir. 1999) (citing Anderson v.
>     Harless, 459 U.S. 4, 7... (1982), or the underlying
>     claim would be decided under state law on the same
>     considerations that would control resolution of the claim
>     on federal grounds, see, e.g., Hiivala v. Wood, 195
>     F.3d 1098, 1106-07 (9th Cir. 1999); Johnson v. Zenon,
>     88 F.3d 828, 830-31 (9th Cir. 1996); Crotts, 73 F.3d
>     at 865.
>     ...
>     In Johnson, we explained that the petitioner must alert
>     the state court to the fact that the relevant claim is a
>     federal one without regard to how similar the state and
>     federal standards for reviewing the claim may be or how
>     obvious the violation of federal law is.

Lyons v. Crawford, 232 F.3d 666, 668-69 (9th Cir. 2000), as amended by Lyons v. Crawford, 247 F.3d 904, 904-05 (9th Cir. 2001).

Where none of a petitioner's claims has been presented to the highest state court as required by the exhaustion doctrine, the Court must dismiss the petition. Raspberry v. Garcia, 448 F.3d 1150, 1154 (9th Cir. 2006); Jiminez v. Rice, 276 F.3d 478, 481 (9th Cir. 2001). The authority of a court to hold a mixed petition in abeyance pending exhaustion of the unexhausted claims has not been extended to petitions that contain no exhausted claims. Raspberry, 448 F.3d at 1154.

A federal court cannot entertain a petition that is "mixed," or which contains both exhausted and unexhausted claims. Rose v. Lundy, 455 U.S. 509, 510 (1982). A district court must dismiss a mixed petition; however, it must give the petitioner the choice of returning to state court to exhaust his claims or of amending

7

or resubmitting the habeas petition to present only exhausted claims. Rose v. Lundy, 455 U.S. at 510 (1982); Jefferson v. Budge, 419 F.3d 1013, 1016 (9th Cir. 2005).

Here, Petitioner's sixth through ninth claims are admittedly unexhausted because they were not presented to the California Supreme Court. The Court notes the petition filed here includes a petition for review that raises the unexhausted claims. (Pet. 115-50.) The Court understands this petition to represent a petition that Petitioner proposes to file in state court.

Accordingly, the Court concludes that Petitioner has filed a mixed petition. Therefore, Petitioner's options would normally be either to withdraw the unexhausted claims and proceed with only the exhausted claims, or suffer dismissal, return to state court to exhaust the unexhausted claims, and then file another petition here.

### B. Motion for a Stay

Because the petition was filed after April 24, 1996, the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), the AEDPA applies to the petition. Lindh v. Murphy, 521 U.S. 320, 327 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997).

With respect to Petitioner's request for a stay of the petition, a district court has discretion to stay a petition which it may validly consider on the merits. Rhines v. Weber, 544 U.S. 269, 276 (2005); King v. Ryan, 564 F.3d 1133, 1138-39 (9th Cir. 2009). A petition may be stayed either under Rhines, or under Kelly v. Small, 315 F.3d 1063 (9th Cir. 2003). King v. Ryan, 564 F.3d 1133, 1138-41 (9th Cir. 2009).

1    Under Rhines, the Court has discretion to stay proceedings; however, this discretion is circumscribed by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). Rhines, 544 U.S. at 276-77. In light of AEDPA's objectives, "stay and abeyance [is] available only in limited circumstances" and "is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court." Id. at 277-78.

A petition may also be stayed pursuant to the procedure set forth by the Ninth Circuit in Kelly v. Small, 315 F.3d 1063 (9th Cir. 2003). Under this three-step procedure: 1) the petitioner files an amended petition deleting the unexhausted claims; 2) the district court stays and holds in abeyance the fully exhausted petition; and 3) the petitioner later amends the petition to include the newly exhausted claims. See, King v. Ryan, 564 F.3d 1133, 1135 (9th Cir. 2009). However, the amendment is only allowed if the additional claims are timely. Id. at 1140-41.

A stay pursuant to Rhines should be available only in the limited circumstances where it is shown that 1) there was good cause for the failure to have first exhausted the claims in state court, 2) the claim or claims at issue potentially have merit, and 3) there has been no indication that the petitioner has been intentionally dilatory in pursuing the litigation. Rhines, 544 U.S. at 277-78.

In view of the limited record before the Court at this stage of the proceedings, the Court cannot conclude that Petitioner's unexhausted claims are without merit. Further, it does not appear that Petitioner has been intentionally dilatory. Although

9

his unexhausted claims have not been fully raised in the state courts, Petitioner appears to have attempted to educate himself concerning the law, obtain access to the law library, and obtain assistance from other inmates.

The Supreme Court has not articulated what constitutes good cause under Rhines, but it has stated that "[a] petitioner's reasonable confusion about whether a state filing would be timely will ordinarily constitute 'good cause' for him to file" a "protective" petition in federal court. Pace v. DiGuglielmo, 544 U.S. 408, 416 (2005). The Ninth Circuit has held that the standard is a less stringent one than that for good cause to establish equitable tolling, which requires that extraordinary circumstances beyond a petitioner's control be the proximate cause of any delay. Jackson v. Roe, 425 F.3d 654, 661-62 (9th Cir. 2005). The Ninth Circuit has recognized, however, that "a stay-and-abeyance should be available only in limited circumstances." Id. at 661 (internal quotation marks omitted); see, Wooten v. Kirkland, 540 F.3d 1019, 1024 (9th Cir. 2008), cert. denied, --- U.S. ----, 129 S.Ct. 2771, 174 L.Ed.2d 276 (2009) (concluding that a petitioner's impression that counsel had exhausted a claim did not demonstrate good cause).

Petitioner asserts ignorance of the law, a failure of appointed appellate counsel to raise the issues, and limited prison resources as the causes of his delay in raising the issues. However, these circumstances are everyday realities in the lives of prisoners. If Petitioner's assertions are considered to qualify as good cause, then a Rhines stay would be available in virtually every case in which a petitioner was

10

ignorant of the law or without counsel to represent him with respect to discretionary, post-conviction proceedings.  This would run counter to the directions in Rhines and Wooten that stays be available only in limited circumstances.

Accordingly, the Court concludes that because Petitioner has not demonstrated good cause, Petitioner has not demonstrated his entitlement to a stay under Rhines v. Weber, 544 U.S. 269, 277-78.

The Court can stay the petition pursuant to Kelly v. Small, 315 F.3d 1063 (9th Cir. 2003), by using a three-step procedure: 1) the petitioner must file an amended petition deleting the unexhausted claims; 2) the district court will stay and hold in abeyance the fully exhausted petition; and 3) the petitioner will later amend the petition to include the newly exhausted claims. See, King v. Ryan, 564 F.3d 1133, 1135 (9th Cir. 2009).  However, the amendment is only allowed if the additional claims are timely.  Id. at 1140-41.[1]

Petitioner will be given an opportunity to withdraw the following claims in the petition:  6) denial of Petitioner's right to the effective assistance of counsel guaranteed by the Sixth Amendment resulting from trial counsel's failure to request that a detective and a prosecutorial investigator who were also principal witnesses against Petitioner be excluded from sitting at the counsel table throughout the trial; 7) denial of

---

[1] It is unclear whether Petitioner will have sufficient time to exhaust his unexhausted claims.  However, no statute of limitations protection is imparted in a King/Kelly stay, nor are the exhausted claims adjudicated in this Court during the pendency of such a stay.  Further, this Court is not making any determination at this time that Petitioner can timely exhaust any claims prior to the expiration of the statute of limitations.

11

Petitioner's right to the effective assistance of counsel guaranteed by the Sixth Amendment by trial counsel's failure to object to and to exclude photographs of the deceased; 8) denial of Petitioner's right under the Sixth Amendment to the effective assistance of counsel by trial counsel's failure to object to the prosecutor's a) vouching for the credibility of witnesses and b) improper remarks concerning Petitioner's guilt before and during argument; and 9) denial of Petitioner's right under the Fourteenth Amendment resulting from the insufficiency of the evidence to support convictions of the enhancements of discharging a firearm and being armed with a firearm.  (Pet. 6-7.)  Petitioner may withdraw these unexhausted claims and may have the fully exhausted petition stayed pending exhaustion of the other claims in state court.  The Court must dismiss the petition without prejudice unless Petitioner withdraws the unexhausted claims and proceeds with the exhausted claims in lieu of suffering dismissal.

   III.   Disposition

   Accordingly, it is hereby ORDERED that:

   1) Petitioner's motion for a stay of the instant petition pursuant to Rhines v. Weber is DENIED; and

   2)  Petitioner is GRANTED thirty (30) days from the date of service of this order to file a motion to withdraw the unexhausted claims and to seek a stay of the fully exhausted petition.

   In the event Petitioner does not file such a motion, the Court will assume Petitioner desires to return to state court to exhaust the unexhausted claims and will therefore dismiss the

entire petition without prejudice.[2]

IT IS SO ORDERED.

**Dated:   January 3, 2012**                              /s/ Sheila K. Oberto
                                                                     UNITED STATES MAGISTRATE JUDGE

---

[2] Petitioner is informed that a dismissal for failure to exhaust will not itself bar him from returning to federal court after exhausting his available state remedies. However, this does not mean that Petitioner will not be subject to the one-year statute of limitations imposed by 28 U.S.C. § 2244(d). Although the limitations period is tolled while a properly filed request for collateral review is pending in state court, 28 U.S.C. § 2244(d)(2), it is not tolled for the time an application is pending in federal court. Duncan v. Walker, 533 U.S. 167, 172 (2001).
   Petitioner is further informed that the Supreme Court has held in pertinent part:
   [I]n the habeas corpus context it would be appropriate
   for an order dismissing a mixed petition to instruct an
   applicant that upon his return to federal court he is to
   bring only exhausted claims. See Fed. Rules Civ. Proc. 41(a)
   and (b). Once the petitioner is made aware of the exhaustion
   requirement, no reason exists for him not to exhaust all potential
   claims before returning to federal court. The failure to comply
   with an order of the court is grounds for dismissal with prejudice.
   Fed. Rules Civ. Proc. 41(b).
Slack v. McDaniel, 529 U.S. 473, 489 (2000). Therefore, Petitioner is forewarned that in the event he returns to federal court and files a mixed petition of exhausted and unexhausted claims, the petition may be dismissed with prejudice.

13