UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| CESAR MELGOZA PEREZ, | ) | 1:11-cv—01766-LJO-SKO-HC |
| | ) | |
| Petitioner, | ) | ORDER GRANTING PETITIONER'S |
| | ) | MOTION TO FILE A FIRST AMENDED |
| | ) | PETITION TO WITHDRAW HIS |
| v. | ) | UNEXHAUSTED CLAIMS (DOC. 16) |
| | ) | |
| M. D. BITER, Warden, | ) | ORDER DEEMING PETITIONER'S FIRST |
| | ) | AMENDED PETITION (DOC. 17) |
| Respondent. | ) | PROPERLY FILED |
| | ) | |
| | ) | ORDER GRANTING PETITIONER'S |
| | ) | MOTION FOR STAY OF THE |
| | | PROCEEDINGS |
| | | (Doc. 16) |
| | | |
| | | ORDER DIRECTING PETITIONER TO |
| | | FILE STATUS REPORTS |

Petitioner is a state prisoner proceeding pro se and in forma pauperis with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The matter has been referred to the Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1) and Local Rules 302 and 303. Pending before the Court is Petitioner's motion to 1) withdraw unexhausted claims so that he may proceed with other, fully exhausted claims, 2) file a first amended petition (FAP) that contains only fully exhausted claims, and 3) stay the proceedings here pending exhaustion of the withdrawn

1

claims in the state courts. The motion was filed on January 13, 2012. Respondent has not been ordered to respond to the petition, and thus no response to the motion has been filed.

  I. <u>Amendment of the Petition</u>

  A petition for a writ of habeas corpus may be amended or supplemented as provided in the rules of procedure applicable to civil actions to the extent that the civil rules are not inconsistent with any statutory provisions or the rules governing section 2254 cases. 28 U.S.C. § 2242; Rule 12 of the Rules Governing Section 2254 Cases in the United States District Courts (Habeas Rules). Fed. R. Civ. P. 15(a) may be used to permit the petitioner to amend the petition. <u>Withrow v. Williams</u>, 507 U.S. 680, 696 n.7 (1993). Fed. R. Civ. P. 15(a) provides that a party may amend its pleading once as a matter of course within twenty-one days after service of the pleading, a required responsive pleading, or a motion under Rule 12(b), (e), or (f), whichever is earlier. In all other cases, a party may amend its pleading only with the opposing party's written consent or the Court's leave. Further, the Court should freely give leave when justice so requires.

  In this case, Petitioner seeks to withdraw the following claims: 1) denial of Petitioner's right to the effective assistance of counsel guaranteed by the Sixth Amendment resulting from trial counsel's failure to request that a detective and a prosecutorial investigator who were also principal witnesses against Petitioner be excluded from sitting at the counsel table throughout the trial; 2) denial of Petitioner's right to the effective assistance of counsel guaranteed by the Sixth Amendment

1  by trial counsel's failure to object to and to exclude
2  photographs of the deceased; 3) denial of Petitioner's right
3  under the Sixth Amendment to the effective assistance of counsel
4  by trial counsel's failure to object to the prosecutor's a)
5  vouching for the credibility of witnesses and b) improper remarks
6  concerning Petitioner's guilt before and during argument; and 4)
7  denial of Petitioner's right under the Fourteenth Amendment
8  resulting from the insufficiency of the evidence to support
9  convictions of the enhancements of discharging a firearm and
10 being armed with a firearm.  (Pet. 6-7.)  Petitioner has filed a
11 proceeding in the California Supreme Court concerning these
12 claims in case number S198007.  (Mot. 2.)
13       Petitioner seeks to amend the petition to state only the
14 following claims, which Petitioner alleges have been fully
15 exhausted:  1) denial of Petitioner's right to a fair trial in
16 violation of the due process protections of the Fifth and
17 Fourteenth Amendments by admission of the testimony of four
18 witnesses who testified pursuant to a plea agreement that coerced
19 them to testify for the prosecution; 2) denial of Petitioner's
20 Sixth and Fourteenth Amendment right to a fair trial resulting
21 from prejudicial error in providing an incorrect instruction
22 concerning corroboration of accomplice testimony, and denial of
23 Petitioner's Sixth and Fourteenth Amendment right to the
24 effective assistance of counsel if counsel failed to preserve the
25 issue for appeal; 3) violation of Petitioner's Sixth and
26 Fourteenth Amendment right to confrontation by admission of an
27 autopsy report; 4) denial of Petitioner's Fourteenth Amendment
28 right to due process of law resulting from the trial court's

compound errors of giving an incomplete instruction concerning flight after being accused of a crime in the absence of evidence to support the giving of the instruction in the first instance; and 5) violation of Petitioner's Eighth Amendment protection against cruel and unusual punishment under the Constitution by the trial court's sentencing Petitioner to fifty years to life. (FAP 2, 4-6, 9-13.)

Petitioner's request to amend the petition to withdraw the unexhausted claims will be granted.

II. Motion to Stay Proceedings

With respect to petitions containing unexhausted claims, a district court has discretion to stay a petition which it may validly consider on the merits. Rhines v. Weber, 544 U.S. 269, 276 (2005); King v. Ryan, 564 F.3d 1133, 1138-39 (9th Cir. 2009). A petition may be stayed either under Rhines, or under Kelly v. Small, 315 F.3d 1063 (9th Cir. 2003). King v. Ryan, 564 F.3d 1133, 1138-41 (9th Cir. 2009). Under Rhines, the Court has discretion to stay proceedings; however, this discretion is circumscribed by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). Rhines, 544 U.S. at 276-77. In light of AEDPA's objectives, "stay and abeyance [is] available only in limited circumstances" and "is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court." Id. at 277-78.

A petition may also be stayed pursuant to the procedure set forth by the Ninth Circuit in Kelly v. Small, 315 F.3d 1063 (9th Cir. 2003). Under this three-step procedure: 1) the petitioner

files an amended petition deleting the unexhausted claims; 2) the district court stays and holds in abeyance the fully exhausted petition; and 3) the petitioner later amends the petition to include the newly exhausted claims. See, King v. Ryan, 564 F.3d 1133, 1135 (9th Cir. 2009). However, the amendment is only allowed if the additional claims are timely. Id. at 1140-41.

Here, Petitioner has already withdrawn his unexhausted claims and has moved for a stay of the proceedings to permit exhaustion of the claims by presenting the claims to the California Supreme Court for a ruling.

The Court will stay the proceedings according to the second step of the Kelly procedure. Petitioner will be instructed to file status reports of his progress through the state courts. Once the California Supreme Court renders its opinion, provided the opinion is a denial of relief, Petitioner must file an amended petition including all of his exhausted claims. He is forewarned that claims may be precluded as untimely if they do not comport with the statute of limitations set forth in 28 U.S.C. § 2244(d).

III. Disposition

Accordingly, it is ORDERED that:

1) Petitioner's motion to amend the petition to withdraw the unexhausted claims is GRANTED; and

2) The first amended petition (Doc. 17) is DEEMED properly filed; and

3) Petitioner's motion for a stay of the proceedings is GRANTED pursuant to Kelly v. Small, 315 F.3d 1063 (9th Cir. 2003); and

4) The proceedings are STAYED pending exhaustion of state remedies; and

5) Petitioner is DIRECTED to file a status report of his progress in the state courts within thirty (30) days, and then every thirty (30) days thereafter until exhaustion is complete; and

6) Within thirty (30) days after the final order of the California Supreme Court, Petitioner MUST FILE an amended petition in this Court including all exhausted claims.

Petitioner is forewarned that failure to comply with this Order will result in the Court's vacating the stay.

IT IS SO ORDERED.

**Dated:   March 28, 2012**             /s/ Sheila K. Oberto
                                      UNITED STATES MAGISTRATE JUDGE