UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| CESAR MELGOZA PEREZ, | ) | 1:11-cv—01766-LJO-SKO-HC |
| | ) | |
| Petitioner, | ) | ORDER DEFERRING CONSIDERATION OF |
| | ) | PETITIONER'S MOTIONS FOR AN |
| | ) | EVIDENTIARY HEARING AND FOR |
| v. | ) | EXPANSION OF THE RECORD UNTIL THE |
| | ) | COURT CONSIDERS THE MERITS OF THE |
| M. D. BITER, Warden, | ) | PETITION (DOC. 37) |
| | ) | |
| Respondent. | ) | |
| | ) | |

Petitioner is a state prisoner proceeding pro se and in forma pauperis with a second amended petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  The matter has been referred to the Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1) and Local Rules 302 and 303.  Pending before the Court are Petitioner's requests for 1) an evidentiary hearing with oral argument and appointment of counsel for the evidentiary hearing, and 2) expansion of the record.  Petitioner's motions were filed on December 10, 2012.  Respondent filed an opposition on December 31, 2012; Petitioner did not file a reply.

1

I. <u>Background</u>

Petitioner challenges his conviction of first degree murder, alleging that he suffered numerous violations of his constitutional rights during his pretrial and trial proceedings. The second amended petition was filed on or about June 20, 2012. Respondent filed an answer on September 20, 2012; Petitioner filed a traverse on December 14, 2012. Review of the answer reflects that Petitioner's claims appear to have been adjudicated on the merits by the state courts.

In his motions for an evidentiary hearing and expansion of the record, Petitioner seeks to add to the record a declaration to present the testimony of a person who will verify that at the time of the incident in question, Petitioner was not the shooter. Petitioner further seeks to add his own declaration to establish he was not armed with a firearm, did not discharge a firearm, did not commit the charged murder, and was not associated with a criminal street gang. (Doc. 37, 1.)

II. <u>Legal Standards</u>

The decision to grant an evidentiary hearing is generally a matter left to the sound discretion of the district courts. 28 U.S.C. § 2254; Habeas Rule 8(a); <u>Schriro v. Landrigan</u>, 550 U.S. 465, 473 (2007). A court has inherent power to control its docket and the disposition of its cases with economy of time and effort for both the court and the parties. <u>Landis v. North American Co.</u>, 299 U.S. 248, 254-255 (1936); <u>Ferdik v. Bonzelet</u>, 963 F.2d 1258, 1260 (9th Cir. 1992).

Because the petition was filed after April 24, 1996, the effective date of the Antiterrorism and Effective Death Penalty

2

1  Act of 1996 (AEDPA), the AEDPA applies to the petition. <u>Lindh v.
2  Murphy</u>, 521 U.S. 320, 327 (1997); <u>Jeffries v. Wood</u>, 114 F.3d
3  1484, 1499 (9th Cir. 1997). To obtain an evidentiary hearing in
4  federal court under the AEDPA, a petitioner must allege a
5  colorable claim by alleging disputed facts which, if proved,
6  would entitle him to relief. <u>Schriro v. Landrigan</u>, 550 U.S. at
7  474.

8      The determination of entitlement to relief is limited by 28
9  U.S.C. § 2254(d)(1), which requires that to obtain relief with
10 respect to a claim adjudicated on the merits in state court, the
11 adjudication must result in a decision that was either contrary
12 to, or an unreasonable application of, clearly established
13 federal law. <u>Schriro v. Landrigan</u>, 550 U.S. at 474. In
14 analyzing a claim pursuant to § 2254(d)(1), a federal court is
15 limited to the record that was before the state court that
16 adjudicated the claim on the merits. <u>Cullen v. Pinholster</u>, 131
17 S.Ct. 1388, 1398 (2011).

18     Thus, when a state court record precludes habeas relief
19 under the limitations set forth in § 2254(d), a district court is
20 not required to hold an evidentiary hearing. <u>Cullen v.
21 Pinholster</u>, 131 S.Ct. at 1399 (citing <u>Schriro v. Landrigan</u>, 550
22 U.S. at 474); <u>see</u>, <u>Stokley v. Ryan</u>, 659 F.3d 802, 808-09 (9th
23 Cir. 2011), <u>cert. den.</u>, 133 S.Ct. 134 (2012). An evidentiary
24 hearing may be granted with respect to a claim adjudicated on the
25 merits in state court where the petitioner satisfies
26 § 2254(d)(1), or where § 2254(d)(1) does not apply, such as where
27 the claim was not adjudicated on the merits in state court.
28 <u>Cullen v. Pinholster</u>, 131 S.Ct. at 1398, 1400-01.

An evidentiary hearing is not required where the state court record resolves the issues, refutes the application's factual allegations, or otherwise precludes habeas relief. <u>Schriro v. Landrigan</u>, 550 U.S. at 474. No evidentiary hearing is required for claims based on conclusory allegations. <u>Campbell v. Wood</u>, 18 F.3d 662, 679 (9th Cir. 1994). Likewise, an evidentiary hearing is not required if the claim presents a purely legal question, there are no disputed facts, or the state court has reliably found the relevant facts. <u>Beardslee v. Woodford</u>, 358 F.3d 560, 585-86 (9th Cir. 2004); <u>Hendricks v. Vasquez</u>, 974 F.2d 1099, 1103 (9th Cir. 1992).

With respect to expansion of the record, pursuant to <u>Cullen v. Pinholster</u>, 131 S. Ct. 1388, evidentiary materials that have not been presented to the state courts are not relevant to an analysis pursuant to 28 U.S.C. § 2254(d) because review is limited to the record that was before the state courts. <u>Runningeagle v. Ryan</u>, 686 F.3d 758, 767 n.2 (9th Cir. 2012), <u>pet. for</u> <u>cert.</u> filed  No. 12-894 (Nov. 15, 2012).

III.  <u>Analysis</u>

As the foregoing authorities reflect, in most instances it is not possible to consider a motion for an evidentiary hearing or expansion of the record before the merits of the petition are considered. Here, the Court has not reviewed Petitioner's claims on the merits because the Court has before it other petitions that predate Petitioner's petition and became ready for decision before Petitioner's second amended petition was fully briefed. However, at this point in the proceedings, Petitioner's claims must be analyzed on the merits for the Court to determine whether

4

Petitioner is entitled to relief pursuant to 28 U.S.C. § 2254(d). Further, from the pleadings, Petitioner's claims may be subject to resolution on the state court record, and thus further evidence or development of the record would not be required. Likewise, because the evidence Petitioner seeks to include in the record was not before the state courts, it is not relevant to this Court's analysis pursuant to 28 U.S.C. § 2254.

Accordingly, in the exercise of the Court's discretion, it is ORDERED that consideration of Petitioner's motion for an evidentiary hearing, oral argument, appointment of counsel for the purpose of an evidentiary hearing, and expansion of the record is DEFERRED until the merits of Petitioner's case are considered.

IT IS SO ORDERED.

**Dated:   February 13, 2013**              /s/ Sheila K. Oberto
                                            UNITED STATES MAGISTRATE JUDGE

5